STATE OF MAINE                                  SUPERIOR COURT
PENOBSCOT, SS.                                  Docket No. AP-16-008


JOAN DEMEO,                          )
                Petitioner,          )
                                     )
                                     )
        v.                           )          ORDER
                                     )
                                     )
MAINE EMPLOYMENT COMMISSION,         )
                Respondent.          )


This matter is before the Court on Petitioner's 80C appeal. Hearing was held on October 3, 2016. Petitioner appeared pro se. Respondent was represented by AAG Macirowski.

Ms. Demeo was employed by Wal-Mart as a "customer service supervisor" (CSS). Her employment was terminated on January 14, 2016.

On or about February 5, 2016, a deputy with the Bureau of Unemployment Compensation issued a decision that Ms. Demeo was discharged from her employment due to misconduct. On February 29, 2016, Administrative Hearing Officer Amber Bernard held a *de novo* hearing in this case, and also determined that Ms. Demeo was discharged for misconduct due to her "disregard for a material interest" of her employer. On May 6, 2016, Jennifer Duddy, Chairman of the Unemployment Insurance Commission affirmed and adopted the Administrative Hearing Officer's decision. Ms. Demeo has appealed to this Court.

1

## ANALYSIS

### 1. Standard of Review

This Court reviews the Commission's decision for "legal errors, abuse of discretion, or unsupported factual findings." *Forest Ecology Network v. Land Use Regulation Comm'n*, 2012 ME 36, ¶ 28, 40 A.3d 947. Courts must uphold an agency's decision, "unless it: violates the Constitution or statutes; exceeds the agency's authority; is procedurally unlawful; is arbitrary or capricious; constitutes an abuse of discretion; is affected by bias or an error of law; or is unsupported by the evidence in the record." *Kroeger v. Dep't of Envtl. Prot.*, 2005 ME 50, ¶ 7, 870 A.2d 566. The party attempting to vacate the agency's decision bears the burden of persuasion, *Zegel v. Bd. of Soc. Worker Licensure*, 2004 ME 31, ¶ 14, 843 A.2d 18. *Town of Jay v. Androscoggin Energy, LLC*, 2003 ME 64, ¶ 10, 822 A.2d 1114.

### 2. Record from the de novo hearing below, at 38-39:

Before Hearing Officer Bernard, Ms. Demeo testified, in part, as follows:

Q: When were you first aware that there was no greeter at the door on this final occasion?
A: ..... five days later maybe. ....

Q: Do you know who was supposed to be the greeter after 3 pm?
A: Nobody was scheduled, not for that door anyway.

Q: Did you know no one (no people greeter) was scheduled?
A: I did not...

Q: Are you supposed to check the schedule yourself at the beginning of each shift?
A: Typically, yes, but when I got in because there had been so many callouts that day, I just jumped right in. ...

Additionally, the record below at page 33 includes the following testimony by Ms. Demeo:
A: I had management and others running the front at that particular time because it was super busy and I was on a register or on the front desk, so I did not know that the people greeter walked off the door at 3...

Yet, in her Brief and other submissions, Ms. Demeo's arguments are very inconsistent with her testimony before the Hearing Officer, including:

- in her March 14, 2016 appeal of the Hearing Officer's decision, Ms. Demeo stated: "I DID check schedule when I first started." Ms. Demeo also stated that other CSSs told her management was ignoring them, and that she tried and got same result.
- In her first "brief" to this Court, Ms. Demeo stated that CSS's are to "look at the schedule when OPENING..."
- In her July 26, 2016 submission, Ms. Demeo stated that she tried calling management on the day in question, and received no response.
- In her September 6, 2016 filing, Ms. Demeo stated that she and two other CSSs tried calling management numerous times on the day in question and they were ignored.

Ms. Gregoire, a Wal-Mart representative, testified before the Hearing Officer that Ms. Demeo, as a CSS, was required to ensure that a people greeter was at the front door of the store and she was to notify management if she needed assistance in filling the position[1]. Ms. Gregoire further testified that on January 9, 2016 when Ms. Demeo was the CSS, there was no people-greeter at the front door and a customer pushed a cart full of electronics (two televisions and miscellaneous movies and DVDs) out the door without paying for the merchandise. Ms. Gregoire further testified that less than one year before, on January 22, 2015, Ms. Demeo had received a third warning (coaching), and that this warning involved the position of the people greeter. Finally, Ms. Gregoire testified that a fourth incident within a year of the third warning was grounds for termination.

3. *Decision Below*

Hearing Officer Bernard found the following facts:

- Ms. Demeo was employed by Wal-Mart as a customer service supervisor. As such, she was responsible for "ensuring there were the proper number of cashiers

---

[1] While Ms. Demeo may not have been able to fill the greeter position on January 9, 2016, the issue is not only filling the position, but also being aware that the position was vacant and notifying management.

working to be in compliance with the store's requirements and people greeters were placed at both of the store's doors."

- On January 9, 2014, Ms. Demeo was working as a customer service supervisor. She "understood there were several call-outs" when she started her shift. [She] did not check the store's schedule to ensure that all positions were filled because the store was extremely busy."

- "Knowing that there were call-outs, [Ms. Demeo] should have checked the schedule and ensured that all of the necessary positions were filled. [Ms. Demeo] was unaware that one greeter position remained vacant from 3:00 p.m. through the end of her shift at approximately 5:00 p.m., ... As the front-end supervisor, [Ms. Demeo] should have made efforts to fill the vacancies."

- Ms. Demeo "did not know the greeter position was empty."

- There was no people greeter at one of the store's doors during Ms. Demeo's shift, and a customer walked a shopping cart containing over $800.00 in merchandize out of the store. There was no greeter to stop him."

- Wal-Mart "allowed employees three warnings prior to termination. Warnings ... drop off from an employee's record after one year."[2] On January 22, 2015, Ms. Demeo received her third warning, and was advised that the next warning would result in termination of her employment. The January 22, 2015 warning resulted from Ms. Demeo using a cashier to cover a greeter position, which meant the store was not in compliance with having the proper number of cashiers. The

---

[2] However, even if warnings one and two have dropped off, a third warning retains its status as a third warning and termination results if there is a fourth incident within one year of the third warning. (R. 29).

4

warning on January 22, 2015 notified Ms. Demeo "that she need (sic) to resolve coverage issues and timely and effectively communicate coverage issues with managers and that failing to do so would result in termination."

- Less than one year later, on January 9, 2016, Ms. Demeo did not have the greeter position filled and did not realize the position was not filled (and did not communicate with management about the same).

- Under 26 M.R.S. § 1043 (23), "misconduct" is defined as a "culpable breach of the employee's duties or obligations to the employer or a pattern of irresponsible behavior which in either case manifests a disregard for a material interest of the employer."

- Ms. Demeo's behavior of not knowing there were vacant positions and not making efforts to fill the vacancies was a "culpable breach of her obligation after receiving several warnings for performance related issues."

- Ms. Demeo disregarded a material interest of her employer by "refusal, knowing failure of recurring neglect to perform reasonable and proper duties assigned by the employer."

- Ms. Demeo was "discharged for misconduct connected with the work as defined in 26 M.R.S. § 1043 (23) and accordingly, the claimant is disqualified from benefits provided by 26 M.R.S. § 1193 (2)."

4. *Commission's Decision is supported*

Unless an employee is discharged from her employment for "misconduct", the employee is eligible for unemployment compensation. 26 M.R.S. § 1192. "Misconduct" is defined as

5

[A] culpable breach of the employee's duties or obligations to the employer or a pattern of irresponsible behavior, which in either case manifests a disregard for a material interest of the employer...

    A. The following acts or omissions are presumed to manifest a disregard for a material interest of the employer. If a culpable breach or a pattern of irresponsible behavior is shown, these actions or omissions constitute "misconduct" as defined in this subsection. ...

        1. Refusal, knowing failure of recurring neglect to perform reasonable and proper duties assigned by the employer.

In her various submissions to this Court, Ms. Demeo has made various statements about her case. However, the Court is bound by the record below, and therefore may not consider any "facts" not presented to Hearing Officer Bernard. To the extent Ms. Demeo wished to have any evidence considered, she was required to present such evidence to Hearing Officer Bernard. Moreover, many of Ms. Demeo's statements to the Court are materially different from her testimony at the hearing.

The Court finds that the Commission's findings of fact are supported in the record. This Court does not find that the Commission's decision violates the Constitution or statutes; exceeds the agency's authority; is procedurally unlawful; is arbitrary or capricious; constitutes an abuse of discretion; is affected by bias or an error of law; or is unsupported by the evidence in the record; therefore, the Court affirms the decision below.

The Clerk shall enter the following upon the docket:

Decision below affirmed.

Dated: November 12, 2016

11/15/16 entered on the docket

_____
Ann M. Murray, Justice
Maine Superior Court

6